Leonard C. Herr, #081896
Ron Statler, #234177
DOOLEY HERR & PELTZER
Attorneys at Law, LLP
100 Willow Plaza, Suite 300
Visalia, California  93291
Telephone:  (559) 636-0200

Attorneys for PLAINTIFFS,
 JOSEPH GRAHAM, Executor
  of the Estate of Barbara Jean Graham, deceased
  and the HEIRS of the Estate

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARBARA JEAN GRAHAM, deceased, JOSEPH GRAHAM, as the Executor of the Estate of Barbara Jean Graham on behalf of the HEIRS.<br><br>Plaintiffs,<br><br>v.<br><br>SMITHS MEDICAL, MED ALERT and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES (WRONGFUL DEATH)** |

Plaintiff, JOSEPH GRAHAM, as Executor of the Estate of Barbara Jean Graham (hereinafter, "Plaintiff"), alleges as follows:

**JURISDICTION AND VENUE**

1.     At all times relevant herein, Barbara Jean Graham was a resident of County of Fresno, California.

2.     At all times relevant herein, Defendant Smiths Medical is and was a Minnesota Corporation.  Plaintiff is informed and believes, and thereon alleges, that its headquarters and principal place of business in the United States is in the State of Minnesota.

LAW OFFICES
DOOLEY HERR
& PELTZER,
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-1-
**COMPLAINT FOR DAMAGES
(WRONGFUL DEATH)**

3. This court has jurisdiction to hear this case pursuant to 18 United States Code section 1331 ("federal question"). (Please see third cause of action brought under 18 United States Code section 1961.) This court has jurisdiction over all other claims under the doctrine of supplemental jurisdiction.

4. Venue is proper because the claims arose in this District.

## DEMAND FOR JURY TRIAL

5. Plaintiffs hereby demand a jury trial.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

6. At all times relevant herein, Barbara Jean Graham was a resident of County of Fresno, California.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, and DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is responsible in some manner identified herein or otherwise for the events and happenings herein referred to, and in such manner caused injuries and damages proximately thereby to the Plaintiff as herein alleged.

8. Plaintiff is uncertain as to the true names and status of Defendants, SMITHS MEDICAL, or whether said Defendants are corporations, general partnerships, limited partnerships, unincorporated associations, or otherwise. Plaintiff is informed and believes, and thereon alleges, said Defendants are duly licensed to do business, and were and are doing business, under and by virtue of the laws of the State of California, and in the County of Fresno. When the true status of said Defendants is ascertained, Plaintiff prays leave of this court to amend this complaint accordingly.

///
///

LAW OFFICES
DOOLEY HERR
& PELTZER,
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-
**COMPLAINT FOR DAMAGES**
**(WRONGFUL DEATH)**

1  9.  At all times herein mentioned, all of the Defendants were the agents, servants and employees of all the other Defendants, and at all of said times were acting in the course and scope of their said agency, service and employment.

10.  At all times herein mentioned, Defendants SMITH MEDICAL, and DOES 1 through 100, inclusive, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling a certain CADD-Legacy Plus Pump, and its component parts and constituents, for resale to and use by members of the general public for the purpose of timed administration of chemotherapy remote from the presence of a health care provider.

11.  At all times herein mentioned, Defendants TWENTY-FIRST DOE through THIRTIETH DOE, inclusive, and each of them, were engaged in the business of distributing, supplying and selling the said CADD-Legacy Plus Pump and its component parts and constituents to retail outlets, so that same could be resold to the public by the said retail outlets.

12.  At all times herein mentioned, Defendants THIRTY-FIRST DOE through FORTIETH DOE, inclusive, and each of them, were engaged in the business of selling at retail to members of the general public the said CADD-Legacy Plus Pump, and its component parts and constituents, which was to be used by the general public for the purpose of timed administration of chemotherapy remote from the presence of a health care provider.

13.  At all times relevant herein up and until the time of her death, Barbara Jean Graham was suffering from cancer.  Despite her cancer, up to the time of her death, Barbara Jean Graham provided valuable skills, work, time effort and expertise in assisting her family in the management, bookkeeping, and administration of the ranch owned and operated by her husband, John Owen Graham (now deceased), and operated by her children.

LAW OFFICES
DOOLEY HERR
& PELTZER,
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-
**COMPLAINT FOR DAMAGES**
**(WRONGFUL DEATH)**

1     14.    Sometime prior to June 28, 2005, Barbara Jean Graham was directed by her physician to undergo chemotherapy.  On or about June 28, 2005, Barbara Jean Graham was given a CADD-Legacy Plus Pump (hereinafter, "Legacy Pump").  The Legacy Pump was intended to deliver a certain amount of chemicals over a period of 24 hours to Barbara Jean Graham's body for purposes of treating her cancer.  The Legacy Pump thereafter delivered the entire course of chemicals, intended to be administered over 24 hours, in a single hour.

     15.    From on or about July 1, 2005, to on or about July 5, 2005, Barbara Jean Graham began suffering from various afflictions, including vomiting, loss of appetite, diarrhea, painful sores around her anus and vulva, passing out, uncontrollable shaking and rolling of her eyes back into her head, nausea, and painful urination.

     16.    On or about July 10, 2005, Barbara Jean Graham visited her physician.  After reviewing her files, her physician was informed that Barbara Jean Graham's 24 hour dose of chemotherapy was administered within 1 hour.  At that visit, he insisted that Barbara Jean Graham be admitted to the hospital.  That same day, Barbara Jean Graham was admitted to Saint Agnes Medical Center.

     17.    From the time of her admittance to the time of her death, Barbara Jean Graham remained in hospital being treated for toxicity.  During this time, she suffered from fevers, vomiting, including the vomiting of viscous, orange fluids, diarrhea, painful urination, and back pain.  Despite her pain, her physician prescribed either no pain medication or light doses out of concern that greater amounts of pain medication would not allow her to evacuate her bowels.

     18.    Late July 9 or early July 10, 2005, Barbara Jean Graham was admitted to intensive care.  Her white blood cell count was rose rapidly.

     19.    On July 11, 2005, Barbara Jean Graham died.

///
///

LAW OFFICES
DOOLEY HERR
& PELTZER,
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-4-
**COMPLAINT FOR DAMAGES**
**(WRONGFUL DEATH)**

## FIRST CAUSE OF ACTION

### (NEGLIGENCE)

AS AND FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE, PLAINTIFF COMPLAINS OF DEFENDANTS SMITHS MEDICAL, MED ALERT, AND FIRST DOE THROUGH ONE HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

20. Plaintiff hereby incorporates by reference all prior paragraphs of this complaint, and makes said paragraphs a part of this, the second cause of action, as though fully set forth herein.

21. At all times herein mentioned, Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the said Legacy Pump was a product of such a nature that if it was not properly manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold, for the use and purpose for which it was intended, it was likely to injure the person or persons by whom it was used.

22. The Defendants, and each of them, so negligently and carelessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold the said Legacy Pump, and its component parts and constituents, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended when used as recommended by the Defendants, and each of them.

23. The defective and dangerous character and condition of the said Legacy Pump, and that it was unsafe for the use and purpose for which it was intended when used as recommended by the Defendants, and each of them, was

LAW OFFICES
DOOLEY HERR
& PELTZER,
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

known to the Defendants, and each of them, or in the exercise of ordinary and reasonable care should have been known and discovered by Defendants, and each of them. Furthermore, the dangerous and defective character and condition of the said Legacy Pump was not made known to the Plaintiff by the Defendants, and each of them.

24. On or about June 28, 2007, while Plaintiff was using the said Legacy Pump, for the purpose for which it was intended, and as a proximate result of the said negligence and carelessness of the Defendants, and each of them, the said Legacy Pump, was caused to inject chemicals at a rate 24 times faster than intended, into Plaintiff's body, thereby causing serious and severe injuries to the Plaintiff as hereinafter alleged.

25. As a direct and proximate result of the said negligence and carelessness of Defendants, and each of them, Plaintiff was made sick, sore, lame and disabled, and was caused to and did suffer and sustain severe pain and death. Plaintiff has suffered severe and excruciating pain and distressing mental anguish as a result of said injuries, and Plaintiff has also suffered general shock and traumatic neurosis as a result of the said negligence and carelessness of the Defendants, and each of them. Plaintiff has suffered, and for a long period of time to come will continue to suffer, said pain and mental anguish as a result of said injuries.

26. As a result of the aforesaid injuries, Plaintiff has been generally damaged in a sum in excess of the jurisdictional limits of the Superior Court, Limited Jurisdiction.

27. In the treatment of the aforesaid injuries, Plaintiff incurred liability for the services of physicians, surgeons, nurses, hospital care, medicine, x-rays, and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained by Plaintiff.

LAW OFFICES
DOOLEY HERR
& PELTZER,
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-6-
**COMPLAINT FOR DAMAGES**
**(WRONGFUL DEATH)**

28. As a direct and proximate result of the said negligence and carelessness of Defendants, and each of them, Plaintiff has incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiff, and leave is requested to amend this Complaint to conform to proof at the time of trial.

29. Plaintiff has lost prejudgment interest pursuant to Civil Code §3291, the exact amount of which Plaintiff prays leave to insert herein when finally ascertained.

## SECOND CAUSE OF ACTION

### (WRONGFUL DEATH AS TO MS. GRAHAM)

30. Plaintiff hereby incorporates by reference all prior paragraphs of this complaint, and makes said paragraphs a part of this, the second cause of action, as though fully set forth herein.

31. The true names and capacities of the Defendants, DOES 1 through 100, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs at the time of filing this Complaint and Plaintiffs, therefore, sues said Defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiffs as herein alleged.

32. At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining defendants and was at all times herein mentioned acting within the scope of said agency and employment.

33. At said time and place, as aforesaid, Defendants, and each of them, so negligently, carelessly, recklessly, wantonly, and unlawfully treated, provided

LAW OFFICES
DOOLEY HERR
& PELTZER,
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-7-
**COMPLAINT FOR DAMAGES**
**(WRONGFUL DEATH)**

1 medical care, monitoring, examination, diagnosis and other medical services so as
2 to directly and proximately cause death to the decedent.

3     34. At all times herein mentioned, Plaintiff JOSEPH GRAHAM, was the
4 Executor of Barbara Jean Graham's estate. John Owen Graham was her surviving
5 spouse. John Owen Graham is now deceased. Ann Alemania, John Graham, Janice
6 Tompkins, Mary Redondo, Thomas Graham, Joseph Graham, Cathy Kreutter,
7 Patricia Perez, David Graham, Richard Graham, George Graham, and Robert
8 Graham were the adult children of Barbara Jean Graham at the time of her death,
9 and, due to John Owen Graham's death, the sole surviving heirs and this action is
10 brought for the benefit of said heirs. At the time of her death, Barbara Jean
11 Graham was 82 years of age.

12     35. As a direct and proximate result of the negligence, carelessness,
13 recklessness, wantonness and unlawfulness of the Defendants, and each of them,
14 and the resulting death, as aforesaid, Barbara Jean Graham sustained severe and
15 serious injury to her person up to and including death, all to Plaintiffs' damage in a
16 sum within the jurisdiction of this Court and to be shown according to proof.

17     36. As a direct and proximate result of the conduct of the Defendants, and
18 each of them, and of the death of Barbara Jean Graham, Plaintiff has been deprived
19 of the society and comfort of said decedent and has been caused the loss of future
20 services, earnings and protection of said spouse, to her great loss and damage in an
21 amount to be shown according to proof.

22     37. As a direct and proximate result of the conduct of Defendants, and
23 each of them, and the resulting death, as aforesaid Barbara Jean Graham had been
24 and Plaintiff has been compelled to incur expenses as well as other special
25 damages, all to the damage of this Plaintiff those he represents, in an amount to be
26 shown according to proof.

27 ///
28 ///

LAW OFFICES
DOOLEY HERR
& PELTZER,
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-8-
**COMPLAINT FOR DAMAGES**
**(WRONGFUL DEATH)**

## THIRD CAUSE OF ACTION

## (FOR VIOLATION OF 18 U.S.C. §1961)

38.  Plaintiff is informed and believes, and thereon alleges, that Defendants SMITHS MEDICAL and FIRST DOE through ONE HUNDREDTH DOE did, through a pattern of racketeering activity, conducted and participated in interstate and/or foreign commerce in which they maintained control of an enterprise.

39.  Defendants SMITHS MEDICAL is a corporation, and thus a proper enterprise for purposes of 18 United States Code section 1861(4). Plaintiff is informed and believes, and thereon alleges that Defendant SMITHS MEDICAL and FIRST DOE through FIFTIETH DOE constituted an association in fact though they were not a legal entity. Plaintiff is informed and believes, and thereon alleges that Defendant SMITHSMEDICAL and FIFTY FIRST DOE through ONE HUNDREDTH DOE constituted a legal entity. The precise nature of these legal entities is unknown to Plaintiff at this time. Plaintiff will seek leave to amend the complaint as the nature of these entities become known.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as follows:

1. For Plaintiff's general damages according to proof;
2. For exemplary or punitive damages as the jury may deem just and proper;
3. For Plaintiff's loss of income, wages and earning potential according to proof;
4. For Plaintiff's medical and related damages according to proof;
5. For prejudgment interest according to proof, pursuant to Civil Code §3291;
6. For Plaintiff's costs of suit herein;
7. For treble damages;

///

LAW OFFICES
DOOLEY HERR
& PELTZER,
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-9-
**COMPLAINT FOR DAMAGES**
**(WRONGFUL DEATH)**

1    8.    For attorneys fees; and

2    9.    For such other and further relief as the Court may deem just and

3          proper.

4  DATED: July 10, 2007                    DOOLEY HERR & PELTZER, LLP

6                                          By: /s/Leonard C. Herr
                                               LEONARD C. HERR
7                                              Attorneys for Plaintiffs

F:\Client Files\Graham, Joe\Pleadings\Federal Court Pleadings\Federal Complaint.doc

LAW OFFICES
DOOLEY HERR
& PELTZER,
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-10-
**COMPLAINT FOR DAMAGES**
**(WRONGFUL DEATH)**